### In re FORFEITURE OF ONE 1988 MAZDA 323 RED FOUR DOOR.

[Cite as *In re Forfeiture of One 1988 Mazda 323 Red Four Door* (1994), 98 Ohio App.3d 614.]

Court of Appeals of Ohio,
Allen County.

No. 1–94–39.

Decided Nov. 22, 1994.

*David E. Bowers*, Allen County Prosecuting Attorney, and *Jeffrey L. Reed*, for appellant.

*Stephen L. Becker*, for appellee.

---

HADLEY, Judge.

Appellant, state of Ohio ("appellant"), appeals from the judgment in the Allen County Court of Common Pleas which ordered a 1988 Mazda 323 automobile of appellee, Gary L. Reinert ("appellee"), returned to him after it had been seized by appellant.

The following facts were elicited at the forfeiture hearing of a 1988 Mazda 323. Trooper David L. Spurgeon, an auto theft and title fraud investigator for the State Highway Patrol, testified that his patrol was requested to trace a 1988 Mazda by authorities in New York. The 1988 Mazda was described as being a grey two-door hatchback, with blue interior and the vehicle identification number ("VIN") JM1BF2328J0162203. That VIN was traced to appellee's automobile.

Documents produced at trial indicated that an automobile with the VIN in question had been totally damaged in 1991, and the title was then transferred from the insurance company to a William Stonestreet as a two-door grey 1988 Mazda. It was next transferred from Stonestreet to an automobile parts store, then to Elmore Leonard as a two-door grey 1988 Mazda. Leonard titled the vehicle as a four-door grey 1988 Mazda. Leonard then transferred it to appellee's brother, who listed the vehicle as a two-door grey Mazda on the title application. The certificate of title held by appellee's brother listed the Mazda as a four-door. All of the aforementioned transfers occurred in New York. In January 1992, appellee's brother transferred the automobile to appellee, who resides in Allen County, Ohio. Appellee's Ohio title lists the automobile as a four-door 1988 Mazda 323. All of the aforementioned transactions listed the identical VIN: JM1BF2328J0162203.

Appellee's automobile was seized in January 1994 pursuant to the issuance of a search warrant. Trooper Spurgeon began an investigation of the automobile and listed the discrepancies at the forfeiture hearing. The color of appellee's Mazda was red. Many of the decals from the trim and engine were dated 1989. The Federal Identification Decal, which contained the VIN, had been removed. The body tag on the inside of the fire wall, containing the VIN, paint code, and other descriptive characters, had been removed and replaced with the fire wall from the grey two-door 1988 Mazda. The engine in appellee's car had a different number than was contained in the original 1988 Mazda. Further, the VIN indicated by the sequence of numbers that that particular VIN was peculiar to a three-door vehicle. The trooper concluded that appellee's vehicle was a 1989 Mazda, and that the VINs had been removed from the 1989 Mazda and replaced with the VINs from the totalled 1988 Mazda.

Further testimony from the forfeiture hearing led the trial court to the conclusion that appellee did not have knowledge of the removal, and subsequent replacement, of the VINs in the vehicle he was driving. The trial court stated that pursuant to R.C. 4549.62(D)(2)(a) and (b), appellee was an innocent and lawful owner of the vehicle, that his title to the vehicle was valid, and that the vehicle be returned to him.

It is from this judgment entry that the state asserts one assignment of error as follows:

"The decision of the trial court, denying forfeiture of appellee's 1988 Mazda 323 is contrary to law, specifically R.C. 4549.62, in that the trial court erred in its interpretation of the statute; and is also against the manifest weight of the evidence."

The state filed a petition for forfeiture of appellee's vehicle, alleging a violation of R.C. 4549.62 and/or 2933.41, to commence this action. Appellant asserted at

the close of the evidence at the forfeiture hearing that appellee's vehicle be forfeited pursuant to R.C. 4549.62(D)(2)(a) and chose not to assert an allegation against appellee pursuant to R.C. 4549.62(D)(1). As stated *supra*, the trial court found that because appellee was not only a lawful owner of his vehicle, but also an innocent owner, he was entitled to the return of his vehicle.

Appellant's contention in this court is that the trial court misinterpreted that portion of the statute which is being asserted to forfeit the vehicle, and that the trial court erred in returning the vehicle to appellee, as appellee did not prove the elements necessary to reclaim the vehicle pursuant to R.C. 4549.62.

R.C. 4549.62 states:

"(D)(1) No person shall buy, offer to buy, sell, offer to sell, receive, dispose of, conceal, or, except as provided in division (D)(4) of this section, possess any vehicle or vehicle part with knowledge that the vehicle identification number or a derivative thereof[1] has been removed, defaced, covered, altered, or destroyed[2] in such a manner that the identity of the vehicle or part cannot be determined by a visual examination of the number at the site where the manufacturer placed the number.

"(2)(a) A vehicle or vehicle part from which the vehicle identification number or a derivative thereof has been so removed, defaced, covered, altered, or destroyed shall be seized and forfeited under section 2933.41 of the Revised Code unless division (D)(3) or (4) of this section applies to the vehicle or part. If a derivative of the vehicle identification number has been removed, defaced, covered, altered, or destroyed in such a manner that the identity of the part cannot be determined, the entire vehicle is subject to seizure pending a determination of the original identity and ownership of the vehicle and parts of the vehicle, and the rights of innocent owners to reclaim the remainder or any part of the vehicle.

"(b) The lawful owners of parts upon a vehicle that has been seized under this section and that is subject to forfeiture under section 2933.41 of the Revised Code are entitled to reclaim their respective parts upon satisfactory proof of all of the following:

"(i) * * *

"(ii) * * *

---

1. R.C. 4549.61 states:

"As used in sections 4549.61 to 4549.63 of the Revised Code, 'vehicle identification number or derivative thereof' means any number or derivative of such a number that is embossed, engraved, etched, or otherwise marked on any vehicle or vehicle part by the manufacturer. 'Vehicle identification number' also includes a duplicate vehicle identification number replaced upon a vehicle under the authority of the registrar of motor vehicles."

2. Hereinafter "altered VIN."

"(iii) * * *

"(iv) *·* *

"(3) Divisions * * * (D)(1) and (2) of this section do not apply to the good faith acquisition and disposition of vehicles and vehicle parts as junk or scrap in the ordinary course of business * * *.

"(4)(a) Divisions (D)(1) and (2) of this section do not apply to the possession of an owner * * * who provides satisfactory evidence of all of the following:

"[ (i) through (iii) apply to VINs destroyed, altered, covered, defaced, or removed after the owner acquired possession of the vehicle without the consent of the owner.]"

As set forth in the statute, section (D)(1) requires that before an offense can be charged against an owner of a vehicle with an altered VIN, the state must prove that the owner had knowledge that the VIN had been altered. In the matter *sub judice,* the state specifically stated that it was not proceeding under R.C. 4549.62(D)(1).

Therefore, we must determine if a vehicle can be seized pursuant to R.C. 4549.62(D)(2)(a), with no other allegation of knowledge by the purchaser of the vehicle, as alleged in R.C. 4549.62(D)(1).

Although not set forth above, sections (A), (B), and (C) of R.C. 4549.62 are offenses against persons for concealing or destroying a VIN. Section (D)(1) of the statute is an offense against a purchaser of a vehicle who has knowledge that the vehicle has an altered VIN. Section (D)(2)(a) of the statute states that a vehicle with an altered VIN can be seized, unless subsections (3) or (4) are applicable to the situation. Further, it states in the second sentence of section (D)(2)(a) that if the identity of a part of a vehicle cannot be determined because of an altered VIN, the entire vehicle can be seized until a hearing can be held to determine the original identity of the vehicle and parts and also so that an innocent owner can reclaim the *remainder* or any part of the vehicle not subject to seizure because of an altered VIN.

■ Section (D) does not explicitly or impliedly state that its subsection (2) cannot be executed without the commission of subsection (1), or any of the previous subsections ( [A], [B], or [C] ). A general rule of statutory construction is that "words and phrases in a statute must be read in context of the whole statute." *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 102, 543 N.E.2d 1188, 1195. Reading the statute in its entirety, our interpretation is that the General Assembly sought to make section (D)(2) operative in and of itself. Thus, the intent is that if the state could prove that a VIN had been altered, removed, defaced, destroyed, or covered, but could not, or did not, prove

the person(s) who committed such offense or who, with knowledge of an altered VIN, purchased such a vehicle, the state could still seize the vehicle because a vehicle with an altered VIN is illegal.

Applying such an interpretation to the facts in the matter *sub judice* leads us to the conclusion that the trial court erred in finding appellee to be not only an innocent owner, but also a lawful owner as those terms are used in R.C. 4549.62, and moreover, in returning appellee's vehicle to him.

The first sentence of R.C. 4549.62 succinctly and without ambiguity states that a vehicle can be seized and forfeited unless sections (D)(3) and (4) apply to the vehicle. It is undisputed herein that sections (D)(3) and (4) do not apply to the vehicle in question. The second sentence of section (D)(2)(a) does not apply to the facts. That sentence only applies to a part whose identity cannot be determined because of the altered VIN. Thus, appellee does not fall into the class of "innocent owners" referred to in the second sentence of R.C. 4549.62(D)(2)(a).

Moreover, contrary to the trial court's conclusion, appellee is not entitled to recover his vehicle or any parts thereof, as he did not provide "satisfactory proof" of the requirements found in R.C. 4549.62(D)(2)(b)(i) through (iv). These provisions are apparently applicable to a fact scenario that fits within the second sentence of R.C. 4549.62(D)(2)(a), which, as previously stated, does not apply herein.

Therefore, appellant's sole assignment of error is found to be well taken. The judgment of the Allen County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and EVANS, JJ., concur.